IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| NEIL DEERING, individually and on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTURYTEL, INC., a Louisiana Corporation, CENTURYTEL BROADBAND SERVICES, LLC, a Louisiana Corporation, and CENTURYTEL SERVICE GROUP, LLC, a Louisiana Corporation,<br><br>*Defendants*. | ) | No. CV-10-12-M-DWM<br><br>Judge Molloy<br><br>**Jury Trial Demanded** |

**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT OF DEFENDANTS CENTURYTEL, INC., CENTURYTEL BROADBAND SERVICES, LLC, AND CENTURYTEL SERVICE GROUP, LLC**

Defendant CenturyTel, Inc. ("CTI"), Defendant CenturyTel Broadband Services, LLC ("CTBS"), and Defendant CenturyTel Service Group, LLC ("CTSG"), collectively "Defendants," by their attorneys, answer Plaintiff's Class Action Complaint as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied, except that Defendants admit Plaintiff seeks the relief requested in his complaint.

6. Denied, except that Defendants lack knowledge or information sufficient to form a belief about the citizenship and residence of Plaintiff.

7. Answering the allegations in paragraph 7, Defendants admit that at all times relevant to the complaint, CTBS and CTSG were wholly-owned subsidiaries of CTI; that CTBS, CTSG, and CTI are Louisiana corporations; and that CTSG functions as a management and contracting company for CTBS. Defendants further admit that at all times relevant to the complaint, CTBS provided high-speed, broadband Internet services to customers in and around Kalispell, Montana. Answering the allegations of subparagraph 7(a), Defendants admit that CenturyTel Broadband Services provided Internet services to approximately 20,000 customer accounts in the Kalispell, Montana, area. Defendants deny all remaining allegations in paragraph 7(a). Answering the allegations in subparagraphs 7(b), 7(c), 7(d), and 7(e), Defendants state that these subparagraphs contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Except as set forth above, Defendants deny all remaining allegations in paragraph 7 and all subparagraphs.

8. Defendants admit that Plaintiff purports to assert federal causes of action, and that this Court has federal-question jurisdiction over those causes of action.

9. Defendants deny that the Plaintiff and proposed class members have suffered any damages or loss, but admit that the Plaintiff and the proposed Class Members have alleged aggregate claims exceeding the sum or value of $5,000,000. Defendants admit that this Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1332.

10. Defendants deny that Defendants have customers in 33 states. Defendants admit that Defendants are Louisiana corporations headquartered in Louisiana, and that Plaintiff asserts claims on behalf of a proposed class with members who reside in Montana. Defendants state further that members of the proposed class are citizens of a State different from Defendants.

Defendants lack knowledge or information sufficient to form a belief about Plaintiff's citizenship and residency.

11. CTI denies that the Court has personal jurisdiction over it and denies each and every allegation in subsections (a) and (c) of paragraph 11. CTBS and CTSG admit the allegations in paragraph 11 with respect to themselves.

12. CTI denies the allegation in paragraph 12 that venue is proper in this District and that CTI conducts business with consumers in this District. CTBS and CTSG admit the allegations in paragraph 12 with respect to themselves.

13. Denied, except Defendants admit that, as the term is commonly understood, an internet service provider or ISP, among other things, provides users with connections to the Internet and that users may use an ISP's services to conduct some or all of the types of Internet activities listed in paragraph 13.

14. Denied, except Defendants admit that on April 14, 2008, CTBS entered into an agreement with NebuAd, Inc., which lasted until June 2008.

15. Denied, except Defendants admit that CTBS and NebuAd agreed to share any net advertising revenue generated during the period of their agreement.

16. Denied.

17. Defendants lack knowledge or information sufficient to form a belief about whether the statement quoted in paragraph 17 appeared on NebuAd's website.

18. Denied.

19. Denied, except Defendants admit that the Appliance was installed in the network utilized by CTBS in Kalispell, Montana, in or about November 2007.

20. Denied, except Defendants admit that the Appliance was installed in the network utilized by CTBS in Kalispell, Montana, in or about November 2007 until June 2008.

21. Denied.

22. Denied, except Defendants admit that 20,000 times seven times 30 equals 4,200,000.

23. Denied, except Defendants admit that CTBS's agreement with NebuAd and any use of the NebuAd Appliance was terminated in June 2008.

24. Denied.

25. Denied, except Defendants admit that the statements quoted in paragraph 25 were made by NebuAd's CEO.

26. Denied, except Defendants admit that the statement quoted in paragraph 26 was made by NebuAd's CEO.

27. Denied.

28. The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

29. The allegations in paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

30. Denied.

31. Denied.

32. Denied, except Defendants admit that the Appliance utilized DPI technology.

33. Denied.

34. Denied, except that Defendants admit that the NebuAd CEO made the statement quoted in paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied, except Defendants admit that NebuAd obtained patents for certain of its proprietary technology.

39. Denied, except Defendants state that the article authored by Robert M. Topolski speaks for itself.

40. Denied.

41. Denied.

42. Denied.

43. The allegations in paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

44. Denied, except Defendants state that in the ordinary course of its business, CTBS engages in a variety of advertising activities; that CTBS's relationship with NebuAd was limited; and that CTBS has continued providing Internet services to its Users.

45. Denied, except Defendants lack knowledge or information sufficient to form a belief about whether the NebuAd CEO made the statement quoted in paragraph 45.

46. Denied, except Defendants admit that, in the normal course of an ISP's business, an ISP may use tools that employ DPI.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied, except Defendants admit that Users' personal computers are their personal property and that CTBS provided Users with a connection to the Internet for a fee.

62. Denied.

63. Defendants admit that Plaintiff purports to bring a class action complaint. Defendants deny all remaining allegations in paragraph 63.

64. Defendants admit that Plaintiff purports to reserve his right to revise the definition of the Class based on facts he learns during discovery.

65. Defendants admit that Plaintiff excludes from his purported class the persons described in paragraph 65.

66. Defendants admit that the class, as Plaintiff has defined it, includes thousands of members. Defendants deny that the class definition is appropriate, and deny the remaining allegations of paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied, except Defendants admit that Plaintiff has retained counsel.

72. Denied, except Defendants admit that the relief sought per individual member of the class is small.

73. Denied.

74. Denied.

75. Denied.

76. Defendants incorporate their above responses as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied, except Defendants admit that Plaintiff seeks the relief described in paragraph 80.

81. Defendants incorporate their above responses as if fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Defendants incorporate their above responses as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Defendants incorporate their above responses as if fully set forth herein.

93. The allegations in paragraph 93 state a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny same.

94. Denied.

95. Denied.

96. Denied.

97. Denied, except Defendants admit that Plaintiff seeks the relief described in paragraph 97.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over CTI because CTI has no offices or facilities in Montana; is not authorized to do business in Montana; and engages in no promotion, marketing, or sale of products or services in Montana.

### Second Affirmative Defense
(Consent)

Under 18 U.S.C. § 2511(d), Defendants are not liable for any alleged violations of the Electronic Communications Privacy Act, because Users had given implied prior consent to the use of the NebuAd technology. CTBS's privacy policy informed customers that their internet traffic could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Third Affirmative Defense**
(Waiver)

Defendants are not liable for any alleged violations of the Electronic Communications Privacy Act, because Users waived any claim arising from the use of the NebuAd technology. CTBS's privacy policy informed customers that their internet traffic could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Fourth Affirmative Defense**
(Consent)

Under 18 U.S.C. § 1030(a)(2) and (a)(5), Defendants are not liable for any alleged violations of the Computer Fraud and Abuse Act, because Defendants did not "exceed[] authorization" or act "without authorization." CTBS's privacy policy informed customers that their internet traffic could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Fifth Affirmative Defense**
(Waiver)

Defendants are not liable for any alleged violations of the Computer Fraud and Abuse Act, because Users waived any claim arising thereunder. CTBS's privacy policy informed customers that their internet traffic could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Sixth Affirmative Defense**
(Consent)

The claims of Plaintiff and putative class members, if any, for invasion of privacy and trespass to chattels are barred, in whole or in part, by consent. CTBS's privacy policy informed

customers that their internet traffic communications could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Seventh Affirmative Defense**
(Waiver)

Defendants are not liable for any alleged violations for invasion of privacy or trespass to chattels, because Users waived any such claims. CTBS's privacy policy informed customers that their internet traffic could be used to deliver or facilitate the delivery of targeted advertisements, and it provided customers with the ability to opt out.

**Eighth Affirmative Defense**
(Ordinary Course of Business)

Under 18 U.S.C. § 2510(5)(a)(ii), Defendants are not liable for any alleged violations of the Electronic Communications Privacy Act because NebuAd's appliance was installed on the network used by CTBS in the ordinary course of CTBS's business.

**Ninth Affirmative Defense**
(Disclaimer of Liability)

The claims of Plaintiff and putative class members, if any, are barred, in whole or in part, by a disclaimer of liability in CTBS's End User Agreement for Internet Access Services, which limits any claim arising out of the use, partial use, or inability to use the service provided by CTBS to a pro rata credit for the monthly fees (excluding all nonrecurring charges, regulatory fees, surcharges, fees and taxes) paid to CTBS for the service during the six month period prior to when such claim arose.

**Tenth Affirmative Defense**
(Preemption)

The claims of Plaintiff and putative class members, if any, of invasion of privacy and trespass to chattels are barred by preemption. The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, sets forth the exclusive remedy for conduct that it covers.

**Eleventh Affirmative Defense**
(Failure to State a Claim)

Plaintiff fails to state a claim for relief under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2), (a)(5)(A)-(C), (c)(4)(A)(i)(I), (g), because he has failed to allege more than $5,000 in damages to any single computer.

**Twelfth Affirmative Defense**
(No Vicarious Liability)

Plaintiff fails to state a claim for any alleged violations of the Electronic Communications Privacy Act because Defendants cannot be held liable under that statute for acts performed by NebuAd.

**Thirteenth Affirmative Defense**
(No Vicarious Liability)

Plaintiff fails to state a claim for any alleged violations of the Computer Fraud and Abuse Act because Defendants cannot be held liable under that statute for acts performed by NebuAd.

**Fourteenth Affirmative Defense**
(No Vicarious Liability)

Plaintiff fails to state a claim for invasion of privacy and trespass to chattels because Defendants cannot be held liable for acts performed by NebuAd.

**Fifteenth Affirmative Defense**
(Contractual filing deadline)

The claims of Plaintiff and putative class members, if any, are barred because the CTBS's End User Agreement for Internet Access Services provides that any cause of action or claim with

respect to services provided must be commenced within one year after the claim or cause of action arises or such claim or cause of action is barred.

**Sixteenth Affirmative Defense**
(Statute of Limitations)

The claims of Plaintiff and putative class members, if any, are barred by the applicable statutes of limitations.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant CENTURYTEL, INC., Defendant CENTURYTEL BROADBAND SERVICES, LCC, and Defendant CENTURYTEL SERVICE GROUP, LLC, pray for judgment in their favor as follows:

1. That Plaintiff's Class Action Complaint be dismissed with prejudice and Judgment be entered in Defendants' favor;

2. That no class is certified, but in the event that a class were certified, that judgment be entered against Plaintiff and putative class members and in favor of Defendants;

3. That Defendants be awarded their attorneys' fees and costs; and

4. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Defendants request trial by jury of all claims that may be so tried in the United States District Court for the District of Montana.

Dated: May 25, 2010

Respectfully submitted,

/s/ Alan L. Joscelyn

Alan L. Joscelyn
GOUGH, SHANAHAN, JOHNSON & WATERMAN, PLLP
33 S. Last Chance Gulch
Post Office Box 1715
Helena, Montana 59624-1715
Ph. 406-442-8560
Fax 406-442-8783
alj@gsjw.com

David A. Handzo
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001-4412
Ph. (202) 639-6085
Fax (202) 661-4853
DHandzo@jenner.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing this May 25, 2010 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lane K. Bennett
Law Offices of Lane K. Bennett
322 2nd Ave. West, Suite D
Kalispell, Montana 59903

*Attorney for Plaintiffs*

/s/ Alan L. Joscelyn
Attorney for Defendants