David A. Handzo
JENNER & BLOCK, LLC
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001
(202) 639-6085
Fax: (202) 639-6066
*Pro Hac Vice* Attorney for Defendants

Alan L. Joscelyn
GOUGH, SHANAHAN, JOHNSON & WATERMAN, PLLP
33 South Last Chance Gulch (zip: 59601)
P.O. Box 1715
Helena, MT  59624-1715
(406) 442-8560
Fax: (406) 442-8783
Local Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NEIL DEERING, individually, and on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTURYTEL, INC., a Louisiana Corporation, CENTURYTEL BROADBAND SERVICES, LLC, a Louisiana Corporation, and CENTURYTEL SERVICE GROUP, LLC, a Louisiana Corporation, )<br><br>Defendants. ) | CV 10-12-M-DWM<br><br>**DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to the Court's February 19, 2010, Order and Local Rule 16.2(b)(1), Defendants

CenturyTel, Inc., CenturyTel Broadband Services, LLC, and CenturyTel Service Group, LLC

(collectively, "Defendants"), hereby provide the Court with their Preliminary Pretrial Statement.

**A.** **Brief Factual Outline.**

In late 2007, CenturyTel Broadband Services, LLC, entered into an agreement with NebuAd, Inc., permitting NebuAd's Ad-Serving System Appliance to be placed into the network utilized by CenturyTel Broadband Services in and around Kalispell, Montana, for the purpose of running a limited, small-scale test to determine the feasibility of a geographically broader agreement with NebuAd. CenturyTel did not intercept, access, or use the content of any communications. Nor did CenturyTel access any information acquired by NebuAd through NebuAd's use of its Appliance. Further, the customers whose internet service was included in the test were notified of the installation of the Appliance, given an opportunity to opt out of the test, and included in the test only if they did not opt out. Therefore, CenturyTel has no liability for any alleged common law or statutory violations.

**B.** **Issues Concerning Jurisdiction and Venue.**

This Court has no personal jurisdiction over CenturyTel, Inc., a Louisiana corporation which has no offices or facilities in Montana; is not authorized to do business in Montana; and engages in no promotion, marketing, or sale of products or services in Montana.

Venue is proper, but Defendants have moved to consolidate this case with a related case in the Billings Division.

**C.** **Factual Basis of Each Claim or Defense.**

At this time, Defendants raise the following defenses, which apply to each and every one of Plaintiffs' claims unless stated otherwise below:

1.     Lack of Personal Jurisdiction over Defendant CenturyTel, Inc.: CenturyTel, Inc. is a Louisiana corporation which has no offices or facilities in Montana, is not authorized to do

2

business in Montana, and engages in no promotion, marketing, or sale of products or services in Montana.

2.      Consent: Prior to the beginning of the NebuAd test, CenturyTel Broadband Services, LLC, informed its subscribers that a third party may collect and use their web-surfing behavior for the purpose of serving targeted advertisements.  Subscribers were given the opportunity to opt out.

3.      Waiver:   Prior to the beginning of the NebuAd test, CenturyTel Broadband Services, LLC, informed its subscribers that a third party may collect and use their web-surfing behavior for the purpose of serving targeted advertisements.  Subscribers were given the opportunity to opt out.

4.      Ordinary course of business: With respect to Count II, NebuAd's Appliance was installed on the network used by CenturyTel Broadband Services in the ordinary course of business and for a legitimate business purpose.

5.      Disclaimer of liability: CenturyTel Broadband Services LLC's End User Agreement for Internet Access Services applicable to Plaintiff's service limits any claim arising out of the use, partial use, or inability to use the service provided by CenturyTel Broadband Services, LLC, to a pro rata credit for the monthly fees (excluding all nonrecurring charges, regulatory fees, surcharges, fees, and taxes) paid to CenturyTel Broadband Services for the service during the six month period prior to when such claim arose.

6.      Preemption: Counts I and IV of Plaintiff's complaint allege state law causes of action which are preempted by the Electronic Communications Privacy Act.

7.      Failure to State a Claim under the Computer Fraud and Abuse Act (Count III): Plaintiff fails to allege facts establishing $5,000 in loss.

8.      Failure to State a Claim Under the Computer Fraud and Abuse Act (Count III): Plaintiff fails to allege facts showing that Defendants themselves accessed any computers or intended to cause damage.

9.      Failure to State a Claim Under the Electronic Communications Privacy Act (Count II): Plaintiff fails to allege facts showing that Defendants themselves intercepted any communications or used the contents of any communications knowing they were intercepted.

10.     Failure to State a Claim for Invasion of Privacy (Count I): Plaintiff fails to allege facts showing that Defendants themselves intruded into private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

11.     Failure to State a Claim for Trespass to Chattels (Count IV):  Plaintiff fails to allege facts showing that Defendants themselves deprived Plaintiff of the use of personal property or intentionally intermeddled so as to impair the condition, quality, or value of Plaintiff's personal property.

12.     Contractual Filing Deadline: Plaintiff's action commenced after the one-year deadline to which he is contractually bound by the CenturyTel Broadband Services LLC's End User Agreement for Internet Access Services.  The Agreement provides that any cause of action or claim with respect to services provided must be commenced within one year after the claim or cause of action arises or such claim or cause of action is barred.

**D.      Legal Theory Underlying Each Claim or Defense.**

At this time, Defendants raise the following legal theories underlying its known defenses:

1.      Lack of Personal Jurisdiction over Defendant CenturyTel, Inc.: CenturyTel, Inc. lacks the minimum contacts with Montana required for personal jurisdiction.

4

2.    Consent: Plaintiff failed to opt out of the NebuAd test, despite notice and the opportunity to do so, and thereby impliedly consented.  Under the Electronic Communications Privacy Act (Count II), 18 U.S.C. § 2511(2)(d), consent precludes any liability.  Under the Computer Fraud and Abuse Act (Count III), 18 U.S.C. § 1030(a)(2)(A), (a)(5), liability attaches only to conduct that occurs "without authorization" or that "exceeds authoriz[ation]."  With respect to invasion of privacy (Count I), consent vitiates any intrusion.  With respect to trespass to chattels (Count IV), consent vitiates any intermeddling or interference.

3.    Waiver:  Plaintiff failed to opt out of the NebuAd test, despite notice and the opportunity to do so, and thereby waived any cause of action he may have had concerning it.

4.    Ordinary course of business: Under the Electronic Communications Privacy Act (Count II), the use of a device in the "ordinary course of business" of an electronic communications service provider is excluded from the statutory definition of "intercept."  18 U.S.C. § 2510(4), (5)(a)(ii).

5.    Disclaimer of liability: Plaintiff is contractually bound by the disclaimer of liability in the End User Agreement for Internet Access Services.

6.    Preemption: The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, sets forth the exclusive remedy for conduct that it covers, and thereby preempts the state law causes of action in Counts I and IV.  *See Bunnell v. Motion Picture Ass'n of America*, 567 F. Supp. 2d 1148 (C.D. Cal. 2007).

7.    Failure to State a Claim under the Computer Fraud and Abuse Act (Count III): Under the Computer Fraud and Abuse Act, Plaintiff must show "loss," as defined in 18 U.S.C. § 1030(e)(11), in excess of $5,000, §§ 1030(g), 1030(c)(4)(A)(i)(I), and that loss cannot be

aggregated across a class of plaintiffs. *Lyons v. Coxcom, Inc.*, 2009 WL 347285 (S.D. Cal. 2009).

8.     Failure to State a Claim Under the Computer Fraud and Abuse Act (Count III): Under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(A), (a)(5)(B), and (a)(5)(C), Plaintiff must establish that Defendants themselves "access[ed]" computers.  Under 18 U.S.C. § 1030(a)(5)(A), Plaintiff must establish that Defendants themselves intended to cause damage. Section 1030(g) does not permit secondary liability.

9.     Failure to State a Claim Under the Electronic Communications Privacy Act (Count II):  Under the Electronic Communications Privacy Act, Plaintiff must establish that Defendants themselves intercepted communications or used the contents of communications knowing they were intercepted.  18 U.S.C. § 2511(1)(a), (1)(d).  Section 2520 does not permit secondary liability.

10.     Failure to State a Claim for Invasion of Privacy (Count I): To establish invasion of privacy, Plaintiff must establish that Defendants intruded into private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *State Bd. of Dentistry v. Kandarian*, 268 Mont. 408, 413 (1994).

11.     Failure to State a Claim for Trespass to Chattels (Count IV):  To establish trespass to chattels, Plaintiff must establish that Defendants deprived Plaintiff of the use of personal property or intermeddled with personal property so as to harm its physical condition, quality, or value.  Restatement (Second) Torts § 218.

12.     Contractual Filing Deadline: Plaintiff is contractually bound by the CenturyTel Broadband Services LLC's End User Agreement for Internet Access Services, which provides that any cause of action or claim with respect to services provided must be commenced within

one year after the claim or cause of action arises or such claim or cause of action is barred.  The

Complaint in this case was filed after the one-year period had expired.

**E.**     **Computation of Damages.**

At this point, Defendants have not filed a counterclaim and, as a result, no computation of

damages is necessary.

**F.**     **Pendency of Related State or Federal Litigation.**

The following related cases are pending:

   *Valentine v. NebuAd, Inc.*, No. CV-08-5113 (N.D. Cal.).
   *Mortensen v. Bresnan Communications LLC*, No. CV-10-13 (D. Mont.).
   *Valentine v. Wideopen West Finance LLC*, No. 09-CV-7653 (N.D. Ill.).
   *Green v. Cable One, Inc.*, No. 10-CV-259 (N.D. Ala.).
   *Manard v. Knology, Inc.*, No. 10-CV-15 (M.D. Ga.).
   *Kirch v. Embarq Management Co.*, No. 10-CV-2047 (D. Kan.).

**G.**     **Proposed Stipulations of Fact and the Parties' Understanding as to What Law Applies.**

To date, the parties have not proposed stipulations of fact and law to each other.

**H.**     **Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings.**

Defendants propose that any motion for leave to join additional parties or to otherwise

amend the pleadings shall be filed by June 15, 2010.

**I.**     **Identification of Controlling Issues of Law Suitable for Pretrial Disposition.**

Defendants anticipate moving to dismiss, or, alternatively, moving for summary

judgment for the reasons set forth above.

**J.**     **Name, Address, and Telephone Number for Each Individual with Information That May Be Used in Proving or Denying Claims or Defenses, and Summary of that Information.**

Shrish Lal, of Monroe, Louisiana, Tim Walden, of Monroe, Louisiana, Jeremy Ferkin, of

Kalispell, Montana, Chris LaNasa, of Monroe, Louisiana, Mark Wallace, of Monroe, Louisiana,

Randy Shannon, of Monroe, Louisiana, and John Pevehouse, of Monroe, Louisiana, are likely to have information, on the subjects listed below, that may be used in proving or denying claims or defenses:

- Negotiations with NebuAd;

- Execution of the NebuAd contract;

- Representations made by NebuAd and other prospective vendors concerning its technology;

- Installation of the NebuAd Ad-Serving System Appliance;

- The procedure for CenturyTel Broadband Services' test of the NebuAd Ad-Serving System Appliance;

- The manner  in which data was gathered during the test of the NebuAd Ad-Serving System Appliance;

- The manner in which data was accessed during the test of the NebuAd Ad-Serving System Appliance;

- The content of the data gathered during the test of the NebuAd Ad-Serving System Appliance;

- Results of the test of the NebuAd Ad-Serving System Appliance;

- The operation of NebuAd's Ad-Serving System Appliance;

- CenturyTel Broadband Services' privacy policy;

- The opportunity to opt out of the test of the NebuAd Ad-Serving System Appliance;

- The business activities in connection with which the test of the NebuAd Ad-Serving System Appliance was conducted;

- The manner in which CenturyTel Broadband Services accesses data stored on its server.

Each of these prospective witnesses may be contacted through counsel for CenturyTel. If additional potential witnesses are identified, Defendants will promptly supplement their Rule 26(a)(1)(A)(i) disclosures.

## K.    Description of Documents and Data Compilations That May Be Used.

Defendants have identified the following general categories of documents that may be used in proving or denying claims or defenses. As additional categories of documents are identified, they will promptly supplement their Rule 26(a)(1) disclosures.

1.      Documents and presentations prepared by NebuAd for Defendants providing information related to the abilities of NebuAd's Ad-Serving System technology.

2.      Documents and presentations prepared by NebuAd for CenturyTel Broadband Services addressing privacy protections for the types of information collected using the Ad-Serving System technology.

3.      Documents relating to CenturyTel Broadband Services' Privacy Policy.

4.      Documents relating to the opportunity to opt out of CenturyTel Broadband Services' test of the Ad-Serving System Appliance.

5.      Documents relating to agreements, contracts, letters of understanding and nondisclosure agreements entered into between NebuAd and CenturyTel Broadband Services.

6.      Any documents related to each of the subjects of information listed in Section J above.

**L.**    **Insurance Agreement.**

Counsel has made a reasonable investigation and believes the following policies may potentially afford coverage: Discovery Property & Casualty Insurance Company Policy No. D007L00079 for the period December 15, 2007 to December 17, 2008; AEGIS Policy No. E0522A1A07, for the period December 15, 2007, to December 15, 2008.  At the request of the Court or Plaintiff, Defendants will produce the insurance agreements themselves, which are the best evidence of their substance.

**M.**    **Status of Settlement Discussions and Prospects for Compromise.**

The parties have conducted preliminary settlement discussions.

**N.**    **Suitability of Special Procedures.**

None identified.

DATED this 2nd day of June, 2010.

Respectfully submitted,

/s/ David A. Handzo
JENNER & BLOCK LLC
*Pro hac vice* Attorney for Defendants

/s/ Alan L. Joscelyn
GOUGH, SHANAHAN,
          JOHNSON & WATERMAN, PLLP
Local Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing this June 2, 2010, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lane K. Bennett
Law Offices of Lane K. Bennett
322 2nd Avenue West, Suite D
Kalispell, Montana 59903

*Attorney for Plaintiffs*

/s/ Alan L. Joscelyn
**Attorney for Defendants**