IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
BILLINGS DIVISION

| | |
|---|---|
| NEIL DEERING, Individually and on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  -vs-<br><br>CENTURYTEL, INC., a Louisiana Corporation, CENTURYTEL BROADBAND SERVICES, LLC, a Louisiana Corporation, and CENTURYTEL SERVICE GROUP, LLC, a Louisiana Corporation,<br><br>      Defendants. | Cause No. CV-10-63-BLG-RFC<br><br><br>ORDER SETTING<br>PRELIMINARY PRETRIAL<br>CONFERENCE |

  The Preliminary Pretrial Conference scheduled by Judge Donald W. Molloy for June 4, 2010, was vacated when the case was transferred from Missoula to Billings. Therefore,

**IT IS ORDERED:**

  1. Pursuant to Fed. R. Civ. P. 16(b), lead trial counsel for the respective parties shall appear through **conference call at 10:00 a.m. on Wednesday, June 30, 2010**, for the purpose of participating in the preliminary pretrial conference. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel should prepare to take part in meaningful discussions of material contained in the pretrial statements. The case management plan resulting from the preliminary pretrial conference <u>is not subject to revision</u> absent compelling reasons.

  2. Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

  3. If it is impossible for lead trial counsel to participate in the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court on or before **June 25, 2010.** The motion must certify that opposing counsel has been

contacted concerning the extension and state whether opposing counsel objects.  Requests to change the pretrial conference date will not be granted absent a demonstrated showing of good cause.  **Please call 406-247-4021 at the time specified and wait for the Judge's law clerk to come on line.**

    4. Lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).  On or before **June 28, 2010**, the parties shall jointly file with the Court a written report outlining the discovery plan formulated at the conference.

    Pursuant to Fed. R. Civ. P. 26(f)(2), the parties will design the discovery plan to require simultaneous disclosure of all liability experts.  Plaintiff's damages experts shall be disclosed on the same day.  Defendant's damages experts shall be disclosed thirty days thereafter.  Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure.  Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts.  The parties should propose a date certain for the close of discovery.  Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

    The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery.  Fed. R. Civ. P. 29.  However, <u>the discovery deadline set by the Court will not be continued</u>, nor will the Court entertain discovery motions based on post-deadline occurrences.

    5. On or before **June 28, 2010,** counsel for the respective parties shall each file a preliminary pretrial statement.  <u>See</u> Fed. R. Civ. P. 26(a)(1).  The statement shall address all matters listed in L.R. 16.2(b)(1).  Defendants' preliminary pretrial statement was filed on June 2, 2010.

    6. Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations.  The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible.

    7. Prior to the preliminary pretrial conference, the parties shall confer with one another and consider whether participation in an Early Neutral Evaluation would be beneficial to the abovementioned case.  If the parties agree, this Court shall order Early Neutral Evaluation.  Even if the parties disagree, this Court may order Early Neutral Evaluation. L.R. 16.6(B)(2).

    8. <u>Counsel are advised that incomplete or inadequate information on the preliminary pretrial statement will be deemed an admission by counsel that the matter is non-complex and may result in the case being set on an expedited trial docket.</u>

    DATED this 15th Day of June, 2010.

                                       */s/ Richard F. Cebull*_____
                                       RICHARD F. CEBULL
                                       U.S. DISTRICT COURT JUDGE