IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| DEERING, *et al.*, Individually and on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>CENTURYTEL, INC., *et al.*, a Delaware Corporation, *et al.*,<br><br>　　　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. CV-10-63-BLG-RFC<br><br>JOINT REPORT AND [PROPOSED] SCHEDULING ORDER |

### REPORT OF PARTIES' PLANNING CONFERENCE

**1.**　　**Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on June 29, 2010 and was attended telephonically by David Stampley for Plaintiff and David Handzo for defendants.

**2.**　　Preliminary Matters.

　　a.　　The following persons will appear at the upcoming Rule 16(b) scheduling conference with the court scheduled to be held telephonically on June 30, 2010 at 10:00 a.m. MST (*see* Initial Order Regarding Planning and Scheduling, Dkt. 8):

　　For Plaintiff:

　　　　Rahul Ravipudi　　　310-470-1700
　　　　David A. Stampley　　917-922-6141

　　For defendants CenturyTel, Inc., CenturyTel Broadband Services, LLC, and CenturyTel Service Group, LLC (collectively "CenturyTel"):

　　　　David A. Handzo　　　202-639-6085

1

b. The parties provide the following information regarding themselves and their counsel:

For Plaintiff:

Lane K. Bennett
Law Offices of Lane K. Bennett
322 2nd Ave W.
Kalispell, MT 59903
Tel:  406-752-7300
Fax: 406-752-7300
Email: lkbennett@montanasky.us


Scott A. Kamber
KamberLaw, LLC
100 Wall St., 23rd Fl., New York, NY 10005
Res:    973-761-7074
Bus:    646-964-9600
Cell:   646-441-7100
Fax:    212-202-6364
Email: skamber@kamberlaw.com

Rahul Ravipudi
Panish Shea & Boyle, LLP
11111 Santa Monica Blvd, Ste. 700, Los Angeles, CA 90025
Bus:    310-477-1700
Fax:    310-477-1699
Email: ravipudi@psblaw.com

For defendants:

David A. Handzo
Jenner & Block LLP
1099 New York Avenue, N.W., Ste. 900
Washington, DC 20001-4412
Res:    703-893-6448
Bus:    202-639-6085
Cell:   202-442-6466
Fax:    202-661-4853
Email: dhandzo@jenner.com

Alan L. Joscelyn
Gough, Shanahan, Johnson & Waterman, PLLP
33 South Last Chance Gulch (Zip: 59601)
P.O. Box 1715
Helena, MT 39624-1715
Res:    406-442-8560
Fax:    406-442-8783
Email:

The parties submit the following case summaries:

**Plaintiff's summary of the case:** In the first half of 2008, for period of over six months, CenturyTel, an Internet Service Provider, diverted substantially all of the Internet communications of approximately 20,000 (according to defendant) customer accounts in Kalispell and other Montana communities, as well as in Wyoming and Idaho—and including the plaintiff—to an advertising company called NebuAd, Inc. CenturyTel accomplished this by installing, within its Internet network, a device provided by NebuAd. CenturyTel positioned the NebuAd device "inline," physically connecting it so that all Internet communications to and from its customers flowed unfiltered through the device. These intercepted communications were then routed to NebuAd, again via the device. NebuAd then reviewed the intercepted information and profiled CenturyTel's affected customers. NebuAd also modified the web pages being downloaded by customers not only by inserting advertisements, but also by modifying the downloaded content to include code that affected the performance and functioning of customers' computers, including customers' security and privacy controls. All of these actions were undertaken by defendant and NebuAd pursuant to a contract between them.

Based on these actions, Plaintiff brought suit against CenturyTel, individually and behalf of a class of similarly situated individuals, for violations of the Electronic Communications Privacy Act ("ECPA") (Count 2), 18 U.S.C. § 2701 *et seq.*, as well as the Computer Fraud and Abuse Act ("CFAA") (Count 3), 18 § U.S.C. 1030 *et seq.*, invasion of privacy by intrusion upon seclusion (Count 1), and trespass to chattels (Count 4).

Jurisdiction is based on 28 U.S.C. § 1331, in that some of Plaintiff's claims arise under the laws of the United States.

**Defendants' Summary of the Case:** In 2007, CenturyTel Service Group, LLC, entered into an agreement with NebuAd permitting NebuAd's Ad-Serving System Appliance to be placed at CenturyTel Broadband Service's Kalispell, Montana, point of presence, for the purpose of running a limited, small-scale test to determine the feasibility of a geographically broader agreement with NebuAd. CenturyTel did not intercept, access, or use the content of any communications. Nor did CenturyTel ac-

cess any information acquired by NebuAd through NebuAd's use of its Appliance. Further, the customers whose internet service was included in the test were notified of the installation of the Appliance, given an opportunity to opt out of the test, and included in the test only if they did not opt out. Therefore, CenturyTel has no liability for any alleged common law or statutory violations.

3. **Plan for Alternative Dispute Resolution (ADR).**

   a. Plaintiff shall submit to defendant a written, good faith settlement proposal by Monday, July 19, 2010. By Monday, August 2, 2010, defendants shall make a written, good faith response to such proposal, either accepting it or submitting a good faith counterproposal to settle the case. By September 1, 2010, the parties shall send confidential reports to the magistrate judge, stating the efforts to settle the case, current evaluations of the case, views concerning future settlement negotiations, prospects for settlement, a specific recommendation regarding mediation and/or any other ADR method, and an indication (preferably jointly) concerning who has been selected by the parties to serve as a mediator or other neutral in an ADR process.

   b. The parties have conducted preliminary settlement discussions.

   c. The parties have agreed on the following ADR procedure: The parties have agreed to mediation. Plaintiff shall submit a list of proposed mediators to defendants by August 17, 2010. Defendants shall agree to a mediator on plaintiff's list or submit an alternative list of proposed mediators to plaintiff by August 31, 2010. By September 7, 2010, plaintiff shall agree to a mediator on defendants' alternative list or ask the Court to appoint a mediator. The parties shall attempt to schedule with the mediator a first mediation session to occur by October 1, 2010.

4. **Plan for Pre-Discovery Disclosures.**

   a. The parties shall exchange, byFriday, July 9, 2010, the information required by Fed. R. Civ. P. 26(a)(1).

5. **Plan for Discovery.** The parties propose to the court the following discovery plan:

   a. The parties have agreed on the following discovery plan.

      i. All fact discovery shall be commenced or served in time to be completed by January 7, 2011.

      ii. Expert discovery shall be completed by February 26, 2011.

   b. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

   c. Defendants anticipate the possibility of a problem in seeking discovery from NebuAd and its former employees. NebuAd is no longer in business. Its former employees

4

        will be difficult to locate.  Defendant therefore believes that it may become necessary, therefore, for the parties to request leave to pursue that discovery outside the confines of the schedule proposed here.

  d.      Disclosure or discovery of electronically stored information (ESI) should be handled as follows:

        i.      The Parties agree to the following plan for the handling of ESI:

            (a)    The method and format of capturing and producing any system change logs and other relevant server logs shall be determined cooperatively by the parties;

            (b)    Plaintiff requests that documents of which the native format is electronic be produced in native format and that other documents of which the original format is not electronic (*e.g.*, hardcopy originals) that have been stored electronically be produced in searchable format (*not* .TIFF image format).  Defendants have agreed that they will cooperate with counsel for plaintiff to determine the most efficient manner for the production of electronically stored documents;

            (c)    Documents shall be produced with metadata that exists at the time of production intact;

            (d)    All responsive, non-duplicative versions or generations of documents shall be produced;

            (e)    Counsel shall discuss with their respective clients' technical experts any issues that arise concerning ESI production.

  e.      The parties shall agree to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: The parties agree to a "clawback" agreement, whereby materials that are inadvertently disclosed without intent to waive privilege or protection are not waived and shall be returned to the producing party, so long as the producing party identifies the materials mistakenly produced and requests their return.  If the receiving party obtains materials that it reasonably believes are privileged and/or protected, it shall promptly notify the producing party.  The parties agree further that, in order to preserve applicable privileges and protections, they are not required to list on a privilege log documents reflecting communications to or from or work product prepared by retained or employed counsel, relating to the litigation, after the date on which *Valentine v. NebuAd* was commenced in the United States District Court for the Northern District of California.

  f.       Discovery is needed on the following specific subjects:

      i. CenturyTel's deployment of the NebuAd device on its network(s), including dates of deployment and numbers of affected customers;

      ii. CenturyTel's contracts/agreements with customers affected by the deployment of the NebuAd device;

      iii. CenturyTel's duties and activites as an ISP;

      iv. The specific responsibilities and organizational reporting structure of relevant CenturyTel personnel;

      v. The physical and technical configuration of CenturyTel's high-speed networks;

      vi. Plaintiff's actual or constructive knowledge of the opportunity to opt out of the NebuAd test;

      vii. All contracts, agreements, instructions, advice, operating reports, and financial documents exchanged between NebuAd and CenturyTel;

      viii. All contracts and agreements between CenturyTel and any other Internet ad-serving companies, Internet ad agencies, or Internet ad exchanges, at any time;

      ix. CenturyTel's actions in operating the NebuAd device and sending advertising to CenturyTel customers;

      x. NebuAd's actions in operating the NebuAd device and sending advertising to CenturyTel customers;

      xi. The functionality of the NebuAd device;

      xii. The representations by NebuAd concerning privacy protections;

      xiii. Any communications from customers regarding service levels, performance, and functioning of their personal computers during the relevant time period;

      xiv. Any damages that Plaintiff sustained as a result of the conduct alleged in the Complaint.

g. Interrogatories:

    Plaintiff's proposal: Maximum of seventy-five (75) interrogatories, including all discrete subparts, by each party to any other party

        Defendants' proposal: Maximum of twenty-five (25) interrogatories, including all discrete subparts, by each party to any other party

h.     Depositions:

        Plaintiff's proposal: Maximum of fifteen (15) depositions by plaintiff and ten (10) by defendant.

        Defendants' proposal: Maximum of ten (10) depositions by plaintiff and ten (10) by defendant.

i.     Rule 26(a)(2) disclosures:

        Plaintiff's proposal: Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served simultaneously by both parties by Novebmer 26, 2010.

        Defendants' proposal: Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served: (i) by any party who intends to introduce expert testimony in support of a claim by December 27, 2010 and (ii) by any party who intends to introduce expert testimony in support of a defense or to rebut a claim by January 26, 2010.

j.     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

k.     Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served 40 days before the deadline for completion of all discovery.

l.     The parties have agreed that they will not serve preliminary witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i) & (iii).

m.     The parties agree that there is a need for discovery in this case to be governed by a protective order. Counsel will confer and then submit a jointly proposed protective order by July 13, 2010. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by July 27, 2010.

6. **Deadlines for Amendments and Potentially Dispositive Motions.**

   a. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by July 27, 2010.

   b. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed byJuly 27, 2010.

   c. All other potentially dispositive motions shall be filed by January 26, 2011. Any responses to such motions shall be filed by February 26, 2011, and replies in support of such motions shall be filed by March 15, 2011.

   d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than February 26, 2011.

7. **Other Items.**

   a. The parties agree that principles of comparative fault apply to this case.

   b. The parties do not request a status conference prior to the final pretrial conference.

   c. The parties request that the court hold the final pretrial conference in March, 2011.

   d. The case should be ready for trial by April 26, 2011. At the present time, trial is expected to take approximately one week.

   e. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

   f. Other matters. Plaintiff shall file a motion for class certification no later than November 15, 2010. Defendants shall file their opposition to class certification no later than four weeks following plaintiff's filing of a motion for class certification. Plaintiff shall file any reply to that opposition no later than two weeks following defendants' filing of their opposition.

Date: June 30, 2010

                                              s/Rahul Ravipudi
                                              Rahul Ravipudi
                                              PANISH SHEA & BOYLE, LLP
                                              One of the Attorneys for Plaintiff

                                              s/David A. Handzo
                                              David A. Handzo
                                              JENNER & BLOCK LLP
                                              One of the Attorneys for Defendants

IT IS SO ORDERED.

Dated this ___ day of _____, 2010, at Billings, Montana.

                                              RICHARD F. CEBULL

                                              UNITED STATES DISTRICT COURT JUDGE

2831432.1