IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
BILLINGS DIVISION

| | |
|---|---|
| NEIL DEERING, Individually and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> -vs- <br><br> CENTURYTEL, INC., a Louisiana Corporation, CENTURYTEL BROADBAND SERVICES, LLC, a Louisiana Corporation, and CENTURYTEL SERVICE GROUP, LLC, a Louisiana Corporation, <br><br> Defendants. | Cause No. CV-10-63-BLG-RFC <br><br> SCHEDULING ORDER |

A scheduling conference was held by telephone conference on June 30, 2010. After discussion and upon the agreement of the parties, the following order is entered.

**1.**   The following schedule will govern all further proceedings in this case:

Jury Trial (7-member jury):            **June 6, 2011 at 9:00 a.m.**
(7 days expected)                      James F. Battin Courthouse
                                       Billings, Montana

Final Pretrial Conference:             **May 26, 2011 at 10:00 a.m.**
                                       James F. Battin Courthouse
                                       Billings, Montana

1

| | |
|---|---|
| Submit Final Pretrial Order & Proposed Jury Instructions (both on disk), and Trial Briefs (latter are optional): | **May 20, 2011** |
| Notice of Intent to Use Real-Time, CD-ROM, or Video Conferencing for Witnesses: | **May 20, 2011** |
| Attorney Conference to Prepare Final Pretrial Order: | **week of May 16, 2011** |
| Motions in Limine Deadline (see ¶ 4 for information): | **May 6, 2011** |
| Motions Deadline (fully briefed): | **March 15, 2011** |
| Settlement Conference Request: | **March 15, 2011** |
| Discovery Deadline: | **February 26, 2011** |
| Disclosure of Defendant's Damages Experts: | **January 21, 2011** |
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | **December 17, 2010** |
| Last date to amend pleadings: | **July 17, 2010** |

**Continuance of the above deadlines will not be granted, absent compelling reasons.**  A continuance of any deadline set by this order does <u>not</u> extend any other deadline.  Neither the date set for trial nor the date set to file motions will be altered or changed even if the Court authorizes any other date to be changed.

2

**IT IS FURTHER ORDERED:**

2.  Parties are advised that revised Local Rules for the District of Montana came into effect December 1, 2009 and govern all aspects of this case.

3.  Pursuant to Rule 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

4.  Pursuant to Rule 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one. "Fully briefed" means the brief in support of the motion and the opposing party's response brief are filed with the court. Reply briefs shall not be filed for motions in limine, and supporting briefs must be filed simultaneously with the motion. Response briefs to motions in limine shall be due seven days after the motion and brief in support are filed. **Parties are advised that, pursuant to Local Rule 1.6(l), they shall submit a paper copy of all filings in excess of twenty (20) pages to Judge Cebull's Chambers. By "filings," the Court means any combination of a motion, brief in support, attachments or exhibits that when taken together exceed twenty (20) pages. All documents filed pursuant to a motion for summary judgment are subject to this requirement.**

5.  Pursuant to Rule 16(c)(2)(C), the parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular document then counsel must make specific objection to opposing counsel in writing within a reasonable time after receiving the document. If a document is produced and the producing party objects either to the foundation or authenticity, the producing party shall so state, in writing, at the time of production. All other objections are reserved for trial.

6.  <u>During discovery, exhibits shall be numbered seriatim.</u> Numbers used for exhibits during discovery shall be identically used at trial.

**7.** Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Rule 26(a)(2)(B).  **An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.**  In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis, there must be full compliance with the discovery requirements of Rule 26(a)(2)(B).

**8.** Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Rule 26(a)(2)(C).

**9.** Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is incomplete or incorrect, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**10.** If the case does not settle, counsel for the plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, for the purpose of completing the Final Pretrial Order and to exchange exhibits and familiarize themselves with each others' proposed trial exhibits.  Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections.  See L.R. 16.4 & 16.5.  Except for objections to relevancy, failure to disclose such an objection is a waiver of the objection.  See L.R. 16.5(b)(5).  The Final Pretrial Order shall comply with the form prescribed by Local Rule 16.4. The Final Pretrial Order must also include the provisions of Rule 26(a)(3)(A)(i)-(iii).

**11.**   Once filed, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**12.**   Expert reports, if not already filed, must be submitted at the same time as the Final Pretrial Order.

**13.**   On the date specified in paragraph 1, any party intending to use Real-Time reporting must notify Court Reporter JoAnn Bacheller at 406-656-3975. Any party intending to use CD-ROM or video conferencing for witnesses must notify Cecil Chandler at 406-247-4493.

**14.**   Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

**15.**   Each party may submit voir dire questions to be asked by Judge Cebull.

**16.**   Proposed jury instructions shall be filed with the court on the date indicated in paragraph 1. The Court shall give the following stock jury instructions from the Ninth Circuit Manual of Model Civil Jury Instructions: 1.1C, 1.3, 1.6-1.14, 1.18, 1.19, 3.1-3.3.

**17.**   **JURY INSTRUCTIONS & VERDICT FORM**
   (a)   Each party shall <u>prepare</u> one clean set and one working set of its proposed Jury Instructions in printed form. The parties will also submit a joint set of stipulated Jury Instructions in printed form. The parties shall prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement as to why they do not agree on a joint verdict form.
   (b)   By the date set in paragraph 1, each party shall <u>file</u> one working copy of its proposed Jury Instructions with the Clerk of Court in the Division in which the case is venued, together with a joint or separate verdict form, whichever is appropriate. These are the originals and they will be docketed by the Clerk of Court. <u>For this purpose, Facsimile (FAX) submissions are not acceptable and will be disregarded by the court.</u>
   (c)   By the date set in paragraph 1, each party shall also submit one clean copy and one working copy of its proposed Jury Instructions to the

    Clerk of Court in the Division in which the case is venued, marked for the attention of Judge Cebull.  Each party shall similarly submit one clean copy of its proposed Jury Instructions on CD in Wordperfect Format.  The document on CD should not contain page numbers, line numbers, headers, footers, or other formatting features of any kind.  If the party is unable to provide its Jury Instructions in CD format, they have the option of sending the instructions via email to Judge Cebull's Law Clerk.  Call Chambers for the email address of the Clerk working on your case.

**18.**  **FORMAT OF JURY INSTRUCTIONS**
  (a) The **clean copy** shall contain:
    (1) a heading reading "Instruction No. ___";
    (2) the text of the instruction; and
    (3) <u>no</u> page numbers, line numbers, or other formatting of any kind.

  (b) The **working copy** shall contain:
    (1) a heading reading "Instruction No. ___";
    (2) the text of the instruction;
    (3) the number of the proposed instruction;
    (4) the legal authority for the instruction;
    (5) a description of any modifications to the instruction;
    (6) the title of the instruction; i.e., the issue of law addressed by the proposed instruction; and
    (7) <u>no</u> page numbers, line numbers, or other formatting of any kind.
  (c) Jury instructions shall be prepared **double-spaced in 12-point typeface and Times New Roman font.**

**19.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**20.** **EXHIBITS**
  (a) Exhibits are to be properly bound in a loose leaf binder and tabbed, and must be exchanged with opposing counsel prior to the final pretrial conference.
  (b) Each exhibit contained in the binders will bear an extended tab

    showing the number of the exhibit.  The exhibit list must identify those exhibits which the party expects to offer and those which the party may offer if the need arises.  Rule 26(a)(3)(A)(iii).
- (c)  Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed upon range of arabic numbers and by defendant using a different agreed upon range of arabic numbers.  Numbers used for exhibits during discovery shall be identically used at trial.
- (d)  Each exhibit document will be paginated, including any attachments thereto.  <u>Exhibits shall not be duplicated</u>.  An exhibit may be used by either of the parties.
- (e)  One copy of the original document exhibits shall be submitted for the exclusive use of the court, and will be contained in a binder.  The binder shall be delivered to the office of Judge Richard F. Cebull on or before the date of the final pretrial conference.
- (f)  All objections to exhibits must be made at or by the final pretrial conference, or they will be deemed waived at trial.

**21.  CALLING WITNESSES AT TRIAL**
When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document providing the following information about the witness:
(a) the full name and current address of the witness;
(b) a brief description of the nature and substance of the witness's testimony;
(c) the date the witness was deposed or statement taken; and
(d) a listing of each exhibit to which the witness may refer during direct examination.

**22.** Any party intending to use videotape depositions in their case must comply with the following rules:
- (a)  All videos shall be edited to include only the pertinent portions.
- (b)  Any objections raised to any portion of the video must be ruled on at the final pretrial conference or the objections will be waived for trial.

**23.  LITIGATION SOFTWARE**
Parties intending to put their documents on a CD Rom must have a program such as <u>Trial Director</u> or <u>Sanction</u> that can perform the following functions:

     (a) Select a portion of a document and enlarge it for emphasis
     (b) Select a portion of a document and highlight it for emphasis

**24. JUDGE'S TRIAL NOTEBOOK**

The parties shall prepare a notebook for the judge containing the following items for each witness they intend to call at trial:

(a) a short summary of the nature and substance of the testimony of the witness;

(b) a list of all the exhibits to be used with that particular witness;

(c) a list containing a description of each exhibit to be used with each witness; and

(d) a photocopy of each exhibit (when possible) to be used with each witness.

**25.** Upon the request of counsel for any party, the Court may order that a settlement conference be held before a United States Magistrate Judge. A settlement conference shall be scheduled upon receipt of a request from or on behalf of all parties. Any request should be made at the time of the motions deadline in paragraph 1.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 30th day of June, 2010.

                              _/s/ Richard F. Cebull_____
                              RICHARD F. CEBULL
                              U.S. DISTRICT JUDGE